## Thomas W. Kelly, Appellee, v. Federal Improvement Company, Appellant.

### Gen. No. 19,812.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN D. TURNBAUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed February 4, 1915.

### Statement of the Case.

Action by Thomas W. Kelly against Federal Improvement Company, a corporation, to recover upon an account stated. From a judgment for $3,458 against defendant in favor of plaintiff, defendant appeals.

Under the terms of employment of the plaintiff by defendant he was to receive thirty-three and one-third per cent. of the actual net profits of the paving and sidewalk departments of the defendant corporation in addition to his salary. Defendant offered to show that the plaintiff and its treasurer in adjusting and settling their accounts made a gross mistake in estimating the earnings of the paving and sidewalk departments for the years in question and that as a result of this mistake both parties supposed that the two departments had made net profits for the said years of $8,815.30, but as a matter of fact no profits were made by these two departments. Defendant contended that the court committed reversible error in excluding defendant's offer to show the account stated was the result of mistake of fact.

ADLER & LEDERER, for appellant.

THOMAS W. KELLY, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

1. ACCOUNT STATED, § 17*—*mistake or fraud as ground for open-ing.* The law will not bind a party to an account stated that is shown to be unjust and to have occurred by mistake or fraud in the settlement of the same.

2. ACCOUNT STATED, § 17*—*necessity of clear evidence of fraud or mistake for opening.* Where parties after full and fair opportunity for examination and deciding upon their mutual accounts have adjusted and settled them, the law will not permit the deliberate settlement to be reopened, except for the clearest evidence of fraud or mistake in the settlement, the burden of proving which rests upon the party asserting it.

3. ACCOUNT STATED, § 24*—*effect of refusal of evidence to show mutual mistake as ground for opening.* In an action upon an account stated, where defendant offered to show that the account stated was made by the parties while laboring under a mistake of fact as to the actual earnings of certain departments of defendant corporation for certain years, *held* the trial court's refusal to permit the defendant to show such mutual mistake and that there were no profits in the departments for the years in question constituted reversible error.